PER CURIAM.
Defendant appeals from his convictions and sentences for possession of heroin, cocaine, and drug paraphernalia. We affirm the convictions and sentences, but remand for correction of an error in the written judgment.
As to defendant’s first point on appeal, we find that the trial court properly denied his motion to suppress the drugs and paraphernalia which police officers seized upon stopping the vehicle in which defendant was a passenger and seeing the items in plain view. The defendant’s actions of being dropped off at night in a parking lot, where he stood in the shadows, crouched behind parked cars when any car drove by, and appeared to the observing officer to be nervous and agitated, before being picked up by the same car that had dropped him off gave the officer a basis for a founded and reasonable suspicion of defendant’s involvement in criminal activity. See Tamer v. State, 484 So.2d 583 (Fla.1986).
As to defendant’s second point on appeal, we agree (as does the state) that defendant’s conviction for possession of drug paraphernalia pursuant to section 893.147(1), Florida Statutes (1985), was mistakenly entered on the judgment of conviction as a third-degree felony rather than a first-degree misdemeanor. The sentence imposed for this charge was appropriate for a first-degree misdemeanor.
Accordingly, defendant’s convictions and sentences are affirmed, but the cause is remanded to the trial court for correction of the judgment concerning the paraphernalia charge.
RYDER, A.C.J., SANDERLIN, J., and BOARDMAN, EDWARD F. (Ret.), J., concur.